HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZACH MINOR,<br><br>        Plaintiff,<br><br>   v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | CASE NO. C15-5630-RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[Dkt. #13] |

      THIS MATTER is before the Court on Defendant Liberty Mutual's Motion for Summary Judgment. Plaintiff Minor obtained a Liberty "Landlord Policy" for a house that was undergoing renovations. He told Liberty that the renovations would be completed by a professional, within six months, and that it would be generally occupied during the day. Six months later, Liberty inspected the home and found that none of these things was true. It notified Minor and his lender that the policy would be cancelled if he did not provide evidence that the home was complete and occupied. It did cancel effective February 9, 2015.

      Minor successfully got the policy "reinstated without lapse," by providing evidence of a tenant (a lease) and photographs purporting to show that the home was complete. On March 15, a realtor who was possibly going to list the property noticed water running down the driveway of

the (apparently unoccupied) house. A toilet leak on the third floor had damaged the entire house. Minor made a claim and an adjustor began investigating. Minor told her on March 20 that the house was not occupied, that his brother was remodeling it for sale, and that the only personal property on site was a refrigerator.

When it learned that the "tenant," Mr. Walters, never paid rent and never intended to occupy the home, Liberty declined to pay the loss (which it estimated at something over $125,000).

Minor sued for coverage and damages for violations of the duty of good faith, the IFCA and the CPA. His attorney withdrew, and Liberty moved for summary judgment, arguing that the policy was not enforceable because it was based on material misrepresentations—including most specifically its occupied status.

Minor has not responded to the Motion.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.  The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the

1  nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has

2  met this burden, the nonmoving party then must show that there is a genuine issue for trial.

3  *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine

4  issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477

5  U.S. at 323-24.

6      Liberty has met its initial burden of production on its motion. It has established facts from

7  which a jury could determine that Minor intentionally misrepresented the occupancy status of the

8  home in order to obtain coverage that Liberty would not have provided had it known the home

9  was an unoccupied "flip" house. Under *Celotex*, the burden shifts to Minor to present evidence

10 creating a material question of fact, and since he has not, there is "a complete failure of proof

11 concerning an essential element of the nonmoving party's case" and this "renders all other facts

12 immaterial." *Id.* at 322-3.

13     Liberty is entitled to judgment as a matter of law. It's Motion for Summary Judgment is

14 GRANTED and all of Minor's claims against it are DISMISSED with prejudice.

15     IT IS SO ORDERED.

16     Dated this 11th day of October, 2016.

*/s/ Ronald B. Leighton*
Ronald B. Leighton
United States District Judge